IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:21-cr-256-S |
| BENJAMIN DO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated July 28, 2021, United States District Judge Karen Gren Scholer has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Benjamin Do should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Benjamin Do is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 19.

**Background**

Defendant is set for sentencing before Judge Scholer on January 12, 2022. *See* Dkt. No. 20. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On August 17, 2021, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 18.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds

there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant, as ordered, filed a motion for continued pretrial release in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 22.

The government responded, expressing that it has no "objection to [Defendant] remaining on release with the conditions given to him when he pled guilty and explaining that "the government and the defense agree if the Court finds exceptional circumstances there is no reason to have a hearing on the matter." Dkt. No. 23 at 5.

For the reasons explained below, the Court CANCELS, as unnecessary, the September 22, 2021 hearing on the matters referred by Judge Scholer and GRANTS Defendant's Motion to Remain on Pretrial Release Pending Sentencing [Dkt. No. 22].

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 18 U.S.C. § 2252A(a)(1). *See* Dkt. Nos. 7, 17, & 19. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "a crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(C), as a "felony under chapter ... 110."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the

defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 17], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds, as the government agrees, *see* Dkt. No. 23 at 2, that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his Motion to Remain on Pretrial Release Pending Sentencing,

> [n]early a year ago, on September 30, 2020, law enforcement executed a search warrant at the home of Mr. Do. It appears that Mr. Do did not attempt to obstruct law enforcement during the search and, in fact, was cooperative and answered incriminating questions. Specifically, Mr. Do confessed to possessing, receiving, and trading child pornography. Law enforcement then removed the seized contraband and departed with it and the confession—they did not, however, arrest Mr. Do. Instead, because Mr. Do spoke of harming himself, and law enforcement then took Mr. Do to a local hospital for an evaluation. It appears that Mr. Do's next interaction with the government or law enforcement was through a target letter. Mr. Do then requested the assistance of counsel, and on March 5, 2021, the Office of the Federal Public Defender was appointed to represent Mr. Do. Nearly three months later, on May 27, 2021, Mr. Do entered a written plea of guilty via an Information. On August 17, 2021, nearly 11 months after the search of his home, Mr. Do entered his plea of guilty to an Information via a plea agreement with the government.
>
> Knowing the actual and statutory nature of the offense of conviction, it was at that rearraignment that Pretrial Services recommended to this Court that there were conditions that this Court could set that would assure the safety of the community and Mr. Do's presence in any future proceeding. This Court then set the conditions of release and released Mr. Do. In order to comply with 18 U.S.C. § 3142(b) or § 3142(c), this Court found and imposed restrictions that are greater than those seen in cases that do not fall within the last paragraph of § 3142.
>
> Pursuant to the Order that resulted in this Motion, the second of this Court's questions is whether there is clear and convincing evidence showing that Mr. Do is not a flight risk or a danger to any other person or to the community? Mr. Do contends that the above provides clear and convincing evidence that he is neither a risk of flight or a danger to

another person or to the community. After all, beyond the fact that there is no evidence that (1) Mr. Do violated any criminal law after interacting with law enforcement on September 30, 2020, (2) he has maintained a stable residence and stable employment before and during the current cause of action, and (3) he addressed his criminal case in a timely fashion instead of ignoring it and hoping that it would go away, Mr. Do was subject to a statutory rebuttable presumption that there is "no condition or combination [that] will reasonably assure . . . [Mr. Do's] appearance as required and the safety of the community . . . ." § 3142(e)(3). After reviewing the evidence, this Court release[ed] Mr. Do on bond. Both this Court's setting of a bond and the recommendation of Pretrial Services that he be released on bond, are the most powerful evidence – clear and convincing evidence – supporting a conclusion that Mr. Do is not likely to flee or pose a danger to any other person or to the community.

Dkt. No. 22 at 1-2.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains through his counsel that,

admittedly, like nearly all of the inhabitants of this world, outside of his mother, other family members, and perhaps some co-workers and customers, there is little that is "exceptional" to the circumstances of Mr. Do's life. He works, he goes home, he now follows the law, he interacts with the members of his small community, and so on. Just like all of us.

As to what may be exceptional in the circumstances that he has placed himself in is that he has the unique opportunity to engage in specialized counselling through Pretrial Services that will place him on in a greater position to being a success both in prison and when he is released. Though it is hearsay, based on conversations that I have had with two clients who placed themselves in the same boat as Mr. Do, the sex-offender treatment within the Bureau of Prisons is woefully inadequate in comparison to the treatment provided through ACT

> Counseling via their contract with Pretrial Services. One client who had completed his sentence informed me that he received no substantive treatment in the approximately five to six years he was in prison. Another who had been in custody for approximately ten years and then committed a new crime by possessing hand-drawn images of child sex-abuse informed me that he had not received any substantive treatment during his incarceration. I have no way of knowing if these statements are true or not true, but I can say with certainty that it would be beneficial – exceptional? – for Mr. Do to be able to continue under pretrial release and undergo as much sex-offender counseling as possible prior to beginning his custodial sentence. The benefits of sending a well-counselled Mr. Do into a custodial environment that may very well be the equivalent of an empty corner bar full of dry drunks could be manifold. That would be an exceptional value to both society and Mr. Do.
>
> The remaining potential exceptional circumstance—and I say "potential" only because it is this Court who defines the undefined on a case-by-case basis – is the distinct possibility of Mr. Do earning a reduction in his sentence for post-offense rehabilitation. See Pepper v. United States, 562 U.S. 476, 490-92 (2011); United States v. Robertson, 662 F.3d 871, 878-80 (7th Cir. 2011). I understand that this is certainly an unknown, but I can say with certainty – based on examples with former clients – that a person's earned success while on pretrial release is a basis and has been a basis for a reduction in the sentence. Cf. id. An earned reduction reduces the expense associated with incarceration, which is both exceptional in its value to the individual and exceptional in its value to the community – a community that values fiscal concerns and the encouragement of lawful behavior. Sending someone to prison who has "turned their life around" would have value to the Bureau of Prisons in that the person might be less prone to have disciplinary issues, which may also be an exceptional value and circumstance.

Dkt. No. 22 at 4-5.

The government does not oppose, explaining that,

> [o]rdinarily, the government would request detention because several courts who have looked at this matter have rarely found exceptional circumstances, and the government does believe detention is appropriate

> for crimes of violence. However, every case is different, and each defendant should be considered as a unique case. While any one of the reasons listed by defendant would not suffice, in the defendant's case, when considering all of the reasons in totality, it is possible for the Court to find exceptional circumstances to allow the defendant to stay out on release under the strict conditions of his release. Specifically, the facts in Do's case are:
>
> 1) He was not arrested upon the execution of the search warrant;
>
> 2) He pled guilty to an Information and waived a grand jury;
>
> 3) Since the execution of the search warrant he has had no trouble with the law and has maintained employment;
>
> 4) He has participated in counseling for sex offenders and will continue to do so until he is taken into custody.
>
> Therefore, if the Court does find exceptional circumstances in this case, the government would not have an objection to him remaining on release with the conditions given to him when he pled guilty.

Dkt. No. 23 at 3-5.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United

States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v.*

*Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

Defendant's compliance to date with his conditions of pretrial release is commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that, taken individually, Defendant's proffered circumstances and reasons for continuing his release would likely not give rise to a situation that is out of the ordinary for Section 3145(c)'s purposes. But, for the reasons that Defendant and the government have both laid out persuasively, and where a case by case evaluation under Section 3145(c) is essential, the Court determines that all of the circumstances that Defendant asserts and that the government enumerates are, taken together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary and amount to a situation in which Defendant's detention pending his sentencing hearing would not be appropriate.

## Conclusion

The Court finds that Defendant Benjamin Do has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under 18 U.S.C. § 3145(c) and that Defendant Benjamin Do met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his

-12-

detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if she remains on release under 18 U.S.C. § 3142(c). Defendant Benjamin Do is ORDERED to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 18], pending his sentencing before Judge Scholer.

SO ORDERED.

DATED: September 21, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE